UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-00190-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MIRKO DRAGOVICH and MARTHA A. )<br>DRAGOVICH, )<br>)<br>Defendants. )<br>) | ENTRY OF DEFAULT |

THIS MATTER is before the Court on the Government's Motion for Entry of Default against Defendants Mirko Dragovich and Martha A. Dragovich (collectively "**Defendants**"). (Doc. No. 4). In support of its Motion, the Government references the Affidavit of Service, (Doc. No. 3), which shows that a process server personally served Defendant Martha Dragovich with the Summons and Complaint in this matter at her home on June 2, 2022, and that the process server also left Defendant Mirko Dragovich's Summons and Complaint with Martha Dragovich at that same time.[1] (Doc. No. 3, p. 2, 4). The Government filed the instant Motion for Entry of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on August 24, 2022. (Doc. No. 4). Then, on December 6, 2022, the Court received by mail miscellaneous documents from Defendants relating to this action. (Doc. No. 5). This mailing consisted of approximately 123 pages of documents relating to this case, including all of the previous filings in this matter, various IRS forms, medical history documentation, foreclosure documentation, and monthly bills. (Id.)

---

[1] The Court notes that in his Declaration, Joshua D. Zimberg appears to have inadvertently used the date that the summons were electronically issued, April 29, 2022, as the date of service for both Defendants. (Doc. No. 4-2, p. 1). This does not affect the Court's finding that Defendants were properly served on June 2, 2022.

1

The filing also included a single page document prepared by a tax preparation service, which acknowledges Defendants were served, alleges Defendants' disagreement with the balances owed, and requests that Defendants' debt be forgiven. (Id., p. 15). The record before the Court thus appears to indicate service according to all applicable laws. See FED. R. CIV. P. 4. For the reasons outlined below, the Government's Motion for Entry of Default is GRANTED.

Rule 55(a) of the Federal Rules of Civil Procedure provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." In outlining how a party must plead or otherwise defend, the Federal Rules require that upon being served with the summons and complaint, a defendant must file an answer or alternative responsive pleading within twenty-one (21) days. FED. R. CIV. P. 12(a)(1)(A)(i). Further, the Rules provide that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." FED. R. CIV. P. 8(b)(1). This is so because "the purpose of pleading is to facilitate a proper decision on the merits." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957) abrogated by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

Here, the Defendants have "failed to plead or otherwise defend" as required by the Federal Rules of Civil Procedure. It is undisputed that Defendants failed to answer or otherwise appear in this action for approximately six months, well outside of the time limit provided for in Rule 12 and reiterated on the copy of the Summons Defendants received. (See Doc. No. 3, p. 1, 3). When Defendants did appear, they merely mailed miscellaneous documentation without explanation and

2

Case 3:22-cv-00190-FDW-DSC   Document 6   Filed 01/13/23   Page 2 of 3

a letter written on their behalf by a tax preparer and bookkeeper who is not a party to this action. The Court finds Defendants' filing is insufficient to constitute an answer or responsive pleading, as it fails to comply with any of the requirements of the Federal Rules. See FED. R. CIV. P. 8, 10, 11; see also Tweedy v. RCAM Title Loans, LLC, 611 F. Supp. 2d 603, 605–06 (W.D. Va. 2009) (holding entry of default was appropriate where the defendant "completely failed to participate in this litigation in any meaningful way," despite sending the plaintiff a response letter following service of the summons and complaint). Because Defendants have thus failed to plead or otherwise defend in this action, entry of default is appropriate. Accordingly, the Government's Motion is GRANTED.

IT IS THEREFORE ORDERED that the Government's Motion for Entry of Default, (Doc. No. 4), is GRANTED. Default is hereby ENTERED against Defendants.

IT IS SO ORDERED.

Signed: January 12, 2023

_____
Frank D. Whitney
United States District Judge